**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CRIM. NO. 92-671-8** |
| | : | |
| **SYLVESTER ANDREWS** | : | |

## O R D E R

On June 23, 1993, after a trial before Judge Reed, the jury convicted Defendant Sylvester Andrews of conspiracy to distribute crack cocaine; distribution of crack; distribution of crack in a school zone; possession of a firearm in furtherance of a drug trafficking crime; possession of a firearm by a convicted felon; and possession of an unregistered firearm.  (Doc. No. 589); see 21 U.S.C. § 846; 21 U.S.C. § 841(a)(1); 21 U.S.C. § 860; 18 U.S.C. § 924(c); 18 U.S.C. § 922(g); 28 U.S.C. § 5861.  Probation determined that Defendant's base offense level was 42, and was subject to a two-level increase for distribution within a protected location.  (PSR ¶ 66.)  Probation also determined that, as a "career offender," Defendant was subject to a mandatory term of life imprisonment.  (PSR ¶¶ 66, 85, 100.)  During the August 4, 1994 sentencing hearing, Judge Reed ruled that Defendant was responsible for distributing 41.7 kilograms of crack, adopted Probation's Guidelines calculation, and sentenced Defendant to life in prison plus a mandatory, consecutive forty-year term of imprisonment.  (Doc. No. 775; Doc. No. 1224 at 1; Doc. No. 1238 at 1-3.)

On June 9, 2003, the matter was reassigned to Judge Giles.  (Doc. No. 1064.)  It was then reassigned to me on September 17, 2008.  (Doc. No. 1222.)  Defendant has filed numerous motions since the matter was reassigned to Judge Giles.  (See, e.g., Doc. No. 1035 (Order Denying Def.'s § 2255 Petition); Doc. No. 1238 (Order Granting In Part Def.'s § 3582 Motion); Doc. No. 1245 (Order Denying Def's Rule 60(b)(6) Motion); Doc. No. 1314 (Order Denying Def.'s Second Rule

60(b) Motion); Doc. No. 1319 (Order Denying Def.'s Second or Successive § 2255 Petition); Doc. No. 1335 (Order Denying Def.'s Third Rule 60(b) Motion).)

On November 3, 2008, Defendant moved *pro se* for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Guidelines Amendment 505. (Doc. No. 1224.)  Amendment 505 effectively decreased Defendant's base offense level from 42 to 38 (and total offense level from 44 to 40), thus subjecting him to an "amended Guidelines range" of 360 months to life.  (Doc. No. 1238 at 2-3.)   In light of this, I granted in part Defendant's Sentence Reduction Motion on March 10, 2009—reducing Defendant's term of imprisonment to 360 months on Counts 1, 16, 17, 19, and 22, but keeping intact the mandatory consecutive term of forty years' imprisonment on Counts 18 and 20.  (Id. at 7.)   In so ruling, I also rejected Defendant's request to be sentenced below the low-end of his amended Guidelines range (i.e., 360 months), because such a reduction would be inconsistent with the Sentencing Commission's binding policy statement.  (Id. at 4-6 (citing U.S.S.G. § 1B1.10(b)(2)(A).)

On September 9, 2013, I vacated Defendant's thirty-year term of imprisonment for his second § 924(c) conviction (Count 20) based in part on the Government's concession that the conviction and sentence violated federal law. (Doc. Nos. 1287, 1288.)

On November 15, 2015, Defendant moved *pro se* for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Guidelines Amendment 782.  (Doc. No. 1345.)  The Government has opposed the Motion.  (Doc. Nos. 1352.)  Because Defendant is ineligible for another sentence reduction, I will deny his Motion.

Section 3582(c)(2) allows me to reduce Defendant's sentence only if the following three requirements are met:  (1) the Sentencing Commission must have amended the Guidelines and applied that amendment retroactively; (2) the sentence must have been "based on" that since-

amended Guidelines range; and (3) the requested reduction must be consistent with the applicable Sentencing Commission policy statement.  18 U.S.C. § 3582(c)(2); see, e.g., United States v. Blewett, 746 F.3d 647 (6th Cir. 2013) (en banc) (Moore, J., concurring in the judgment) (listing the § 3582(c)(2) requirements), cert. denied, 134 S. Ct. 1779 (2014).  As to the third requirement, district courts lack authority to reduce a defendant's sentence if the retroactive Guidelines amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B); see also id. § 1B1.10(b)(2)(A) (except for defendants who provided substantial assistance, "the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range").

Here, Defendant's requested reduction would be inconsistent with the Commission's policy statement because Amendment 782 does not effectively lower his applicable Guidelines range. Id. § 1B1.10(a)(2)(B); see, e.g., United States v. Lindsey, 556 F.3d 238 (4th Cir. 2009).  As I have explained, when I reduced Defendant's sentence in 2009, I ruled (and the Parties agreed) that Guidelines Amendment 505 reduced Defendant's base offense level to 38, and his Guidelines range from mandatory life imprisonment to a range of 360 months to life.  (Doc. No. 1238 at 2-3.) Moreover, at the original sentencing, Judge Reed ruled that Defendant's offense involved 41.7 kilograms of crack.  (Id. at 1.)   Under the post–Amendment 782 drug-sentencing Guidelines, however, an offense involving 25.2 kilograms of crack or more carries a base offense level of 38. See U.S.S.G. § 2D1.1(c)(1) (drug quantity table).  For a career offender like Defendant, a base offense level of 38 results in a Guidelines range of 360 months to life.  See U.S.S.G. Sent. Tbl. Accordingly, under the amended Guidelines (from which Defendant currently seeks to benefit), Defendant's base offense level remains 38 (because it involved more than 25.2 kilograms of crack), and his applicable Guidelines range remains 360 months to life imprisonment (based on his base

offense level of 38 and total offense level of 40).   Defendant is thus ineligible for another sentence reduction because Amendment 782 does not have the effect of lowering his applicable Guidelines range, as required by the Sentencing Commission's policy statement.   18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10.  Accordingly, I will deny Defendant's Motion.

**AND NOW**, this 7th day of April, 2016, it is hereby **ORDERED** that Defendant's Motion for a Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) and Guidelines Amendment 782 (Doc. No. 1345) is **DENIED**.

**IT IS SO ORDERED.**

*/s/ Paul S. Diamond*
_____
Paul S. Diamond, J.